NAQQshmP

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
     UNITED STATES OF AMERICA
 3
                  v.                          20 CR 411 (RA)
 4                                               Plea

 5   SHMUEL ABRAHAM

 6               Defendant
     ------------------------------x
 7
                                              New York, N.Y.
 8                                            October 26, 2023
                                              11:55 a.m.
 9

10   Before:

11                    HON. RONNIE ABRAMS
                                              District Judge
12

13                         APPEARANCES

14   DAMIAN WILLIAMS
          United States Attorney for the
15        Southern District of New York
     JILAN J. KAMAL
16        Assistant United States Attorney

17   NECHELES LAW LLP
          Attorneys for Defendant
18   GEDALIA M. STERN
     SUSAN R. NECHELES
19

20

21

22

23

24

25
```

NAQQshmP

1                (In open court; case called)

2                DEPUTY CLERK:  Counsel, please state your name for the

3        record.

4                MS. KAMAL:  Good morning, your Honor.  Jilan Kamal on

5        behalf of the United States.

6                THE COURT:  Good morning.

7                MR. STERN:  Good morning, your Honor.  Gedalia Stern

8        on behalf of Mr. Abraham.  I'm here with my colleague Susan

9        Necheles.

10               THE COURT:  Good morning to all of you.

11               So I understand, Mr. Abraham, that you wish to plead

12       guilty to Count One of a superseding information.  Is that

13       correct?

14               THE DEFENDANT:  Yes, your Honor.

15               THE COURT:  Before deciding whether to accept your

16       plea, I'm going to ask you certain questions so that I can be

17       sure that you understand your rights, that you're pleading

18       guilty voluntarily, and because you are guilty and not for some

19       other reason.  So it's important you answer my questions

20       honestly and completely.  If at any point you don't understand

21       a question or would like to consult with your attorney, just

22       let me know.

23               Ms. Cavale, could you please place the defendant under

24       oath of.

25               (Defendant sworn)

NAQQshmP

1          THE COURT:  You are now under oath, so you should know

2   if you answer any of my questions falsely, you could be charged

3   with a separate crime of perjury.  Do you understand that?

4          THE DEFENDANT:  Yes.

5          THE COURT:  So I understand that you intend to plead

6   guilty to a charge contained in what we call -- yes?

7          MR. STERN:  I don't know if you were going to arraign

8   him on the superseding information.

9          THE COURT:  I was just about to.

10          -- a charge contained in a superseding information,

11   which is a document containing a formal accusation brought by

12   the government.  Have you received a copy of this information?

13          THE DEFENDANT:  Yes.

14          THE COURT:  And have you reviewed it?  Have you read

15   it?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Have you discussed it with your attorney?

18          THE DEFENDANT:  Yes.

19          THE COURT:  So under our legal system, before an

20   individual can be charged with a felony offense, the government

21   is obligated to go to a grand jury, which must decide whether

22   there's a probable cause to believe that a crime was committed

23   and that you committed it.  That decision may result in what's

24   called an indictment.  I want to make sure that you understand

25   that by allowing the government to charge you by way of

NAQQshmP

```
 1    information instead of indictment, you're giving up your right

 2    to force the government to go to a grand jury to get an

 3    indictment to charge you.  Do you understand that?

 4              THE DEFENDANT:  Yes.

 5              THE COURT:  So I have a copy of a waiver of indictment

 6    form here, which indicates that the above-named defendant, you,

 7    who is accused of violating Title 18 United States Code,

 8    Section 371, being advised of the nature of the charge and of

 9    his rights, hereby waives in open court prosecution by

10    indictment and consents that the proceeding may be by

11    information instead of indictment.

12              Did you sign this form?

13              THE DEFENDANT:  Yes.

14              THE COURT:  And were any threats or promises made to

15    you, other than what's in the plea agreement, to get you to

16    waive indictment?

17              THE DEFENDANT:  No.

18              THE COURT:  I find that Mr. Abraham has knowingly and

19    voluntarily waived his right to be charged by a grand jury, and

20    I authorize the filing of the information.

21              I don't think I've asked competency questions yet, so

22    I'm going to do them now.  What I am next going to do is ask

23    you questions to ensure that you're competent to plead guilty.

24    These are questions that I ask of every defendant in this

25    situation.
```

NAQQshmP

```
 1              How old are you?

 2              THE DEFENDANT:  27.

 3              THE COURT:  How far did you go in school?

 4              THE DEFENDANT:  Yeshiva education.

 5              THE COURT:  Are you currently or have you recently

 6    been under the care of a medical professional, psychiatrist or

 7    mental health care provider?

 8              THE DEFENDANT:  No.

 9              THE COURT:  Have you ever been hospitalized for mental

10    illness, alcoholism, or drug addiction?

11              THE DEFENDANT:  No.

12              THE COURT:  In the past 24 hours, have you taken any

13    drugs, medicine or pills, or drunk any alcoholic beverages?

14              THE DEFENDANT:  No.

15              THE COURT:  Is your mind clear today?

16              THE DEFENDANT:  Yes.

17              THE COURT:  Do you understand what's happening in

18    these proceedings?

19              THE DEFENDANT:  Yes.

20              THE COURT:  Speak loudly and clearly.  It can be

21    difficult to hear with the high ceilings.

22              Does either counsel have any doubt as to Mr. Abraham's

23    competence to plead guilty at this time this?

24              MS. KAMAL:  No.

25              MR. STERN:  No, your Honor.
```

NAQQshmP

1          THE COURT:  On the basis of Mr. Abraham's responses to

2     my questions and my observations of his demeanor here in court,

3     and representations of counsel, I find that he is fully

4     competent to enter an informed plea of guilty at this time.

5          Have you had enough time and opportunity to discuss

6     your case with your attorney, including the nature of the

7     charge to which you intend to plead guilty, any possible

8     defenses you may have, and the rights that you will be giving

9     up?

10          THE DEFENDANT:  Yes.

11          THE COURT:  And has your attorney discussed with you

12     the consequences of pleading guilty?

13          THE DEFENDANT:  Yes.

14          THE COURT:  And are you satisfied with his

15     representation of you?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Okay.  So now I am to explain certain

18     constitutional rights that you have.  These are rights that you

19     will be giving up if you enter a guilty plea.

20          So, first, under the Constitution and laws of the

21     United States, you have a right to plead not guilty to the

22     charge in the superseding information.  Do you understand that?

23          THE DEFENDANT:  Yes.

24          THE COURT:  If you did plead not guilty, you would be

25     entitled under the Constitution to a speedy and public trial by

NAQQshmP

1    a jury of those charges.  Do you understand that?

2              THE DEFENDANT:  Yes.

3              THE COURT:  In advance of trial, if you went to trial,

4    you would have the opportunity to seek suppression of any or

5    all of the evidence against you on the basis that it was

6    obtained in violation of the Constitution.  Do you understand

7    that?

8              THE DEFENDANT:  Yes.

9              THE COURT:  At trial, again, if you chose to go to

10   trial, you would be presumed innocent.  That means that you

11   would not have to prove that you were innocent.  Instead, the

12   government would need to prove your guilt beyond a reasonable

13   doubt before you could be found guilty.  So even if you did

14   nothing or said nothing at trial, you could not be convicted

15   unless a jury of 12 people agreed unanimously that you are

16   guilty.  Do you understand that?

17             THE DEFENDANT:  Yes.

18             THE COURT:  During a trial, if you went -- if you

19   chose to go to trial, the witnesses for the prosecution would

20   have to come to court and testify in your presence where you

21   could see them and hear them, and your lawyer could

22   cross-examine them.  If you wanted to, your lawyer could offer

23   evidence on your behalf.  You would be able to use the Court's

24   power to compel witnesses to come to court to testify

25   truthfully in your defense even if they didn't want to come.

NAQQshmP

1    Do you understand that?

2              THE DEFENDANT:  Yes.

3              THE COURT:  At trial, again, if you went to trial, you

4    would have the right to testify if you wanted to, but you would

5    also have the right not to testify.  And if you chose not to

6    testify, that could not be used against you in any way.  So no

7    inference or suggestion of guilt could be made from the fact

8    that you chose not to testify.  Do you understand that?

9              THE DEFENDANT:  Yes.

10             THE COURT:  At trial, and at every stage of your case,

11   you'd be entitled to be represented by an attorney.  And if you

12   could not afford an attorney, one would be appointed at public

13   expense, meaning free of cost, to represent you.  Do you

14   understand that?

15             THE DEFENDANT:  Yes.

16             THE COURT:  If you were convicted at trial, if you

17   chose to go to trial, you would have the right to appeal that

18   verdict to a higher court.  Do you understand that?

19             THE DEFENDANT:  Yes.

20             THE COURT:  As I said before, you have the right to

21   plead not guilty.  So even as you sit here right now for

22   purposes of entering a guilty plea, you could change your mind

23   and choose to go to trial.  But if you do plead guilty, and I

24   accept your plea, there will be no trial, and you will be

25   giving up the rights that I just described.  Do you understand

NAQQshmP

1   that?

2                   THE DEFENDANT:  Yes.

3                   THE COURT:  If you plead guilty, all that will remain

4   to be done is for me, for the Court, to impose sentence.  I

5   will enter a judgment of guilty and sentence you on that basis

6   after considering whatever submissions I get from you and your

7   lawyer and the government, as well as a presentence report

8   prepared by the probation department.  There will be no appeal

9   with respect to whether the government would use the evidence

10  it has against you or with respect to whether you did or did

11  not commit the crime.  Do you understand that?

12                  THE DEFENDANT:  Yes.

13                  THE COURT:  If you plead guilty, you will also have to

14  give up your right not to incriminate yourself, since I'll be

15  asking you questions here in court today in order to satisfy

16  myself that you are guilty.  Do you understand that?

17                  THE DEFENDANT:  Yes.

18                  THE COURT:  So I understand that you intend to plead

19  guilty to Count One of the superseding information, which

20  charges you with conspiring to commit wire fraud in violation

21  of Title 18 United States Code, Section 371.  Do you understand

22  that?

23                  THE DEFENDANT:  Yes.

24                  THE COURT:  Could the government please state the

25  elements of the offense in question.

NAQQshmP

1          MS. KAMAL: Yes, your Honor.

2          In order to prove the defendant guilty of Count One of

3     the information, which alleges that he committed conspiracy to

4     commit wire fraud in violation of Title 18 United States Code,

5     Section 371, the government would have to prove the following

6     three elements:

7          First, that two or more people agreed to engage in a

8     scheme to defraud that involved the use of interstate wires.

9          Second, that the defendant entered that agreement

10    knowing its objective to commit wire fraud and intending to

11    join together with at least one other to achieve that

12    objective, and

13         Third, that at some point during the existence of the

14    conspiracy, at least one member performed an overt act in

15    furtherance of the agreement's objective.

16         Wire fraud itself, the object of the conspiracy here

17    has three elements:

18         First, that there existed a scheme or artifice to

19    defraud or obtain money or property by materially false and

20    fraudulent pretenses, representations or promises.

21         Second, that the defendant knowingly participated in

22    the scheme or artifice to defraud with knowledge of its

23    fraudulent nature and with specific intent to defraud, and

24         Third, that in executing that scheme, the defendant

25    used or caused the use of interstate wires.

NAQQshmP

```
 1              THE COURT:  Mr. Abraham, do you understand that if you
 2    were to go to trial on this charge, the government would need
 3    to prove all of that to a jury before you could be convicted?
 4    Do you understand that?
 5              THE DEFENDANT:  Yes.
 6              THE COURT:  Now I'm going to discuss the maximum
 7    penalties for this offense.  The maximum means the most that
 8    could possibly be imposed.  It doesn't necessarily mean it's
 9    the sentence you will receive, but you have to understand that
10    by pleading guilty, you're exposing yourself to the possibility
11    of receiving any combination of punishments up to the maximum.
12    With respect to your liberty, the maximum term of imprisonment
13    for this crime is five years in prison.  Do you understand
14    that?
15              THE DEFENDANT:  Yes.
16              THE COURT:  Any term of imprisonment may be followed
17    by a term of supervised release of up to three years.
18    Supervised release means that if you are sentenced to prison,
19    after you are released from prison, you will be subject to
20    supervision by the probation department.  You will be required
21    to obey certain rules.  And if you violate those rules, you can
22    be returned to prison without a jury trial to serve additional
23    time even beyond the original sentence.  Do you understand
24    that?
25              THE DEFENDANT:  Yes.
```

NAQQshmP

|   |   |
|---|---|
| 1 | THE COURT:  You should also understand there is no |
| 2 | parole in the federal system.  So if you are sentenced to |
| 3 | prison, you will not be released early on parole, although |
| 4 | there is a limited opportunity to earn credit for good |
| 5 | behavior.  Do you understand that? |
| 6 | THE DEFENDANT:  Yes. |
| 7 | THE COURT:  In addition to these restrictions on your |
| 8 | liberty, the punishment for this crime includes certain |
| 9 | financial penalties.  The maximum allowable fine is $250,000, |
| 10 | twice the gross pecuniary gain derived from the offense, or |
| 11 | twice the gross pecuniary loss to persons other than yourself |
| 12 | resulting from the offense.  Do you understand that? |
| 13 | THE DEFENDANT:  Yes. |
| 14 | THE COURT:  I am also required to impose a mandatory |
| 15 | special assessment or fee of $100. |
| 16 | In addition, I must order restitution to any persons |
| 17 | or entities injured as a result of your criminal conduct.  And |
| 18 | I can order you to forfeit all property derived from the |
| 19 | offense or used to facilitate the offense.  Do you understand |
| 20 | that these are the maximum penalties for this charge? |
| 21 | THE DEFENDANT:  Yes. |
| 22 | THE COURT:  Is Mr. Abraham now being prosecuted or to |
| 23 | the extent you know investigated in another jurisdiction? |
| 24 | MS. KAMAL:  No, your Honor. |
| 25 | THE COURT:  You should also be aware that the |

NAQQshmP

1    punishments I've just described are ones that may be part of a

2    sentence, but being convicted of a felony may have other

3    consequences.  Are you a United States citizen?

4                THE DEFENDANT:  Yes.

5                THE COURT:  So then you should understand that as a

6    result of your guilty plea, you may lose certain valuable civil

7    rights to the extent that you have them now, like the right to

8    vote, the right to hold public office, the right to serve on a

9    jury, and the right to possess any kind of firearm.  Do you

10   understand that?

11               THE DEFENDANT:  Yes.

12               THE COURT:  Now, in imposing sentence, federal judges

13   are required to consider the recommendations of the Federal

14   Sentencing Guidelines.  The guidelines are a complicated set of

15   rules for determining an appropriate sentence.  Although judges

16   must take into account the guidelines, must consider them, they

17   are no longer mandatory.  They used to be, but they are no

18   longer mandatory.  But judges must nonetheless consider the

19   guidelines, calculate them properly, and then in the end impose

20   a sentence based on what a judge believes is the appropriate

21   sentence pursuant to certain factors that are set forth in a

22   provision of the law that is 18 United States Code, Section

23   3553(a), and that could be even higher or lower than the

24   guidelines' recommendation because the guidelines are only

25   recommendations to the Court.  Do you understand all of that?

NAQQshmP

1              THE DEFENDANT:  Yes.

2              THE COURT:  Have you discussed the Sentencing

3     Guidelines with your attorney?

4              THE DEFENDANT:  Yes.

5              THE COURT:  Do you understand that they are only

6     recommendations to the Court?  They are not binding on me?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Now, I understand that you have entered

9     into a written plea agreement with the government.  Is that

10    correct?

11             THE DEFENDANT:  Yes.

12             THE COURT:  So I have a copy of an October 24

13    agreement here that appears to be the original agreement with

14    you and the government, but I'd like to confirm that with you.

15    So my courtroom deputy is going to show that to you.  Is that

16    your signature on the last page?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Is this the plea agreement that you signed

19    with the government?  Speak into the microphone.

20             THE DEFENDANT:  Yes.

21             THE COURT:  And before you signed this agreement, did

22    you read it?

23             THE DEFENDANT:  I had it read, yes.

24             THE COURT:  You had it read to you?

25             THE DEFENDANT:  Like the computer read it to me, yes.

NAQQshmP

1          MR. STERN:  Mr. Abraham's reading of English

2    especially sort of complex or legal documents is not excellent,

3    so he sort of had an app that read it to him, but he reviewed

4    it and I reviewed it with him.

5          THE COURT:  So after this was read to you and you read

6    it with your lawyer, do you have an understanding of what the

7    agreement entails?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Because I understand it is a somewhat

10   lengthy document and contains some technical legal language,

11   but do you feel like you understand all the terms of the

12   agreement?

13         THE DEFENDANT:  Yes .

14         THE COURT:  Could the government please summarize the

15   primary terms of the agreement?

16         MS. KAMAL:  Certainly, your Honor.  The agreement

17   provides that the defendant would be stipulating to a

18   guidelines range.  There are actually two guidelines ranges set

19   forth in the plea agreement.  The guidelines range provides

20   that the stipulated guidelines range would be 46 to 57 months.

21   That is before the application of the pending amendments to the

22   Sentencing Guidelines.  The agreement also includes a

23   calculation of the stipulated guidelines range that accounts

24   for the amendment to the guidelines, and that guidelines range

25   is 37 to 46 months' imprisonment.

NAQQshmP

1          The agreement provides that the defendant is agreeing

2     to forfeit $62,894 in U.S. currency, and that he is also

3     agreeing to a money judgment of $1,232,830 as provided in the

4     agreement and in the exhibit attached to it, which is the

5     consent preliminary order of forfeiture.  The government agrees

6     that once forfeiture is final, the amount that is being

7     forfeited in U.S. currency will be credited against the amount

8     owed in the money judgment once forfeiture is final in favor of

9     the United States.

10          The agreement also requires the defendant to waive his

11     rights to challenge any sentence that is within or below the

12     stipulated guidelines range, and he also waives any

13     modification of his sentence pursuant to 3582.

14          THE COURT:  Mr. Abraham, did you follow all of that,

15     everything the government said?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Is that all consistent with your

18     understanding of the agreement?

19          THE DEFENDANT:  Yes.

20          THE COURT:  I am just going to follow up on a few of

21     the terms.  So you have agreed to a guidelines range of 46 to

22     57 months, and that means that neither you nor the government

23     can argue for a different guidelines calculation, although you

24     can seek a sentence in that range, including based on an

25     anticipated amendment to the guidelines.  Do you understand

NAQQshmP

1    that?

2              THE DEFENDANT:  Yes.

3              THE COURT:  You should also understand that this

4    agreement doesn't bind me in any way.  I'm required to make my

5    own independent calculation of the guidelines and then impose a

6    sentence based on what I believe is appropriate in this case.

7              I am not saying I will come up with a different range,

8    but I just want to make sure that you understand that even if I

9    do, that won't be a basis for you to withdraw your plea.  Do

10   you understand that?

11             THE DEFENDANT:  Yes.

12             THE COURT:  Now, with respect to the waiver of appeal,

13   do you understand that under this agreement, you're giving up

14   your right to appeal or otherwise challenge your sentence so

15   long as I sentence you to 57 months of imprisonment or less?

16   If I sentence you to more than 57 months, you have a right to

17   appeal or otherwise challenge your sentence, but if I sentence

18   you to 57 months or less, you can't appeal or otherwise

19   challenge your sentence under this agreement.  Do you

20   understand that?

21             THE DEFENDANT:  Yes.

22             THE COURT:  I am not going to go through all the terms

23   of the agreement.  I just wanted to highlight a few of them.

24             Did you willingly sign this plea agreement?

25             THE DEFENDANT:  Yes.

NAQQshmP

1          THE COURT:  Has anyone threatened, bribed or forced

2     you to sign the plea agreement or to plead guilty?

3          THE DEFENDANT:  No.

4          THE COURT:  Other than what's in the plea agreement,

5     has anyone offered you any inducement to plead guilty?

6          THE DEFENDANT:  No.

7          THE COURT:  Has anyone made any promise to you as to

8     what your sentence will be?

9          THE DEFENDANT:  No.

10          THE COURT:  Do you understand if anyone attempted to

11     predict what your sentence would be, that prediction could be

12     wrong.  Do you understand that?

13          THE DEFENDANT:  Yes.

14          THE COURT:  No one knows what your sentence will be

15     today.  I don't know, your lawyer doesn't know, the government

16     doesn't know.  That won't be determined until I receive the

17     presentence report, the submissions of the parties, and do my

18     own independent calculation of the guidelines.  I just want to

19     make sure that you understand that even if you're disappointed

20     with what your sentence is, that is not a basis for you to

21     withdraw your plea.  Do you understand that?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Consistent with the plea agreement, I also

24     have a consent preliminary order of forfeiture as to specific

25     property and money judgment.  Did you sign this document?

NAQQshmP

1          THE DEFENDANT:  Yes.

2          THE COURT:  Do you understand that, among other things

3    in this document, you have agreed to forfeit a sum of money

4    equal to $1,232,830 in United States currency representing

5    proceeds traceable to the commission of the offense charged in

6    Count One of the information, and all right, title, and

7    interest of the defendant in the following specific property:

8    $62,894 in United States currency seized on or about -- it's

9    missing a date -- but from premises located at 5 Biret Drive,

10   Airmont, New York.  Do you understand that?

11         THE DEFENDANT:  Yes.

12         THE COURT:  Do you consent to this forfeiture order?

13         THE DEFENDANT:  Yes.

14         THE COURT:  Now that you have been advised of the

15   charge against you and the possible penalties you face and the

16   rights you're giving up, is it still your intention to plead

17   guilty?

18         THE DEFENDANT:  Yes.

19         THE COURT:  Now I'm going to ask you the official

20   question with respect to Count One of the superseding

21   information.  How do you plead?

22         THE DEFENDANT:  Guilty.

23         THE COURT:  Tell me in your own words what you did

24   that makes you believe that you're guilty of this crime.

25         THE DEFENDANT:  Between 2017 and 2019, I agreed with--

NAQQshmP

| | |
|---|---|
| 1 | THE COURT:  Just speak really slowly and just loud and |
| 2 | clear so we can hear you.  Thank you.  So from 2017 to -- |
| 3 | THE DEFENDANT:  From 2017 to 2019, I agreed with |
| 4 | others to deceive Amazon by, among other things, shipping items |
| 5 | in larger quantities than what Amazon had ordered.  I did this |
| 6 | in order to receive more money from Amazon than what they had |
| 7 | ordered.  I understand that the payments from Amazon came |
| 8 | through a bank located within Manhattan.  I know what I did was |
| 9 | wrong, and I deeply regret my actions. |
| 10 | THE COURT:  Are there additional questions the |
| 11 | government would like me to ask? |
| 12 | MS. KAMAL:  No, your Honor. |
| 13 | THE COURT:  Could you please summarize what the |
| 14 | government's evidence would be if you were to go to trial. |
| 15 | MS. KAMAL:  Yes, your Honor. |
| 16 | If the government were to proceed to trial, the |
| 17 | government would offer evidence consisting of data and |
| 18 | communications from more than a dozen seized devices which |
| 19 | reflect, among other things, communications between the |
| 20 | defendants regarding how to successfully execute the scheme, |
| 21 | obtain the greatest amount of money in the shortest period of |
| 22 | time from the victim and how to avoid detection. |
| 23 | The government would also offer data, documents and |
| 24 | testimony from the victim that would reflect the manipulation |
| 25 | of orders, the manipulation of prices, and the manipulation of |

NAQQshmP

1    quantities of the goods that the defendant and his

2    co-conspirators overshipped to the victim.  The government

3    would also offer financial records from third parties that

4    reflected funds coming from the victim into the defendant's

5    accounts which traveled in interstate commerce and in the

6    Southern District of New York.

7            THE COURT:  Does defense counsel agree there is a

8    sufficient factual predicate for the guilty plea?

9            MR. STERN:  We do, your Honor.

10           THE COURT:  Mr. Abraham, because you acknowledge that

11   you are in fact guilty as charged in the superseding

12   information, and because I'm satisfied that you are aware of

13   your rights, including your right to go to trial, and that you

14   are aware of the consequences of your plea, including the

15   sentence which may be imposed, and because I find that you are

16   knowingly and voluntarily pleading guilty, I accept your guilty

17   plea to Count One of the superseding information.

18           The probation department will interview you in

19   connection with a presentence report that it will prepare.

20           Does counsel wish to be present for the interview?

21           MR. STERN:  Yes, your Honor.

22           THE COURT:  Thank you.

23           If you choose to speak to the probation department,

24   Mr. Abraham, just make sure everything you say is truthful and

25   accurate.  They will prepare this presentence report that I

NAQQshmP

```
 1    will review very carefully before sentencing, so I urge you to
 2    review it as well.  If there are any errors in it, raise it
 3    with your attorney so they can raise it with me.
 4              And we have scheduled the sentencing for?
 5              DEPUTY CLERK:  No, we have not.
 6              THE COURT:  We haven't yet.  We are going to do that
 7    right now.
 8              DEPUTY CLERK:  I have March 14 or March 21.
 9              THE COURT:  Actually, the 14th I think is better.
10    Does March 14 work?
11              DEPUTY CLERK:  March 14 in the morning at 11:00?
12              MR. STERN:  That's fine, your Honor.
13              THE COURT:  The government shall provide the probation
14    office with its factual statement within a week, and defense
15    counsel shall arrange for the defendant to be interviewed by
16    the probation department within the next two weeks.
17              I am just going to ask counsel to review my individual
18    rules and practices in criminal cases.  They are on the court
19    website.  Consistent with those rules, defense submissions are
20    due two weeks prior to sentencing, and the government's
21    submission one week prior to sentencing.
22              Does the government have any objection to continuing
23    the current conditions of bail?
24              MS. KAMAL:  No, your Honor.
25              THE COURT:  They will be continued.
```

NAQQshmP

1          Are there any other applications at this time?

2          MS. KAMAL:  Nothing from the government.  Thank you,

3  your Honor.

4          MR. STERN:  No, your Honor.  Thank you.

5          THE COURT:  Thanks very much.

6          (Adjourned)